[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR CONTEMPT #130
The marriage between these parties was dissolved on November 9, 1981. As a part of that judgment, the court, Covello, J., ordered the defendant to convey all of his right, title, and interest in the marital home to the plaintiff, the consideration for which would be her assumption of the mortgage and taxes on the property and the execution of a promissory note, secured by a mortgage on the subject premises in the principle amount of Sixteen Thousand ($16,000.00) Dollars plus interest at the rate often (10%) percent. The note was payable upon the earliest of the following: 1) the sale of the marital home; 2) death of the plaintiff; or 3) the youngest child reaching the age of eighteen CT Page 6646 or the completion of the formal education of that child. Of significance as well were the other orders of the court. The defendant was required to pay only Twenty-five ($25.00) Dollars per week as child support. He was to pay and hold the plaintiff harmless from debts listed on his financial affidavit. The judgment was clear that any failure to pay child support or the debts would be a set off of any sums due and owing from the promissory note.
The defendant has brought this motion, seeking payment of the mortgage, after the deduction of unpaid child support. He claims that the plaintiff owes him Eighteen Thousand, Five Hundred, Four and 30/100 ($18,540.30) Dollars. She claims a set off from the original balance owed on the note due to the failure to pay child support, as well as the sums paid by her on his behalf plus interest on those sums. She claims a debt to him of Three Thousand, Seven Hundred Sixty-three and 68/100 ($3,763.68) Dollars.
It is clear from this record that the plaintiff is not in contempt. The history of their post-judgment course is clear from the file. The defendant was ordered to support their remaining minor child, and did not. From the date of judgment to the termination date for child support, which was October 15, 1988, the defendant only paid Five Hundred, Fifty ($550.00) Dollars in child support. His obligation totaled Nine Thousand, Nine Hundred and Thirty-six ($9,936.00) Dollars, leaving a balance due of unpaid child support in the amount of Nine Thousand, Three Hundred Eighty-six ($9,936.00) Dollars. In 1981 and 1982, the plaintiff was forced to pay two debts which were the debts of the defendant. She reduced his HNB Mastercard debt in the total amount of Two Hundred, Sixty-five and 26/100 ($265.26) Dollars, and paid an IRS obligation in the approximate amount of Six Hundred ($600.00) Dollars.
Furthermore, the defendant's debt remained unpaid, and liens were placed upon the marital home. The plaintiff was forced to refinance her property in 1996 to pay Fifteen Thousand ($15,000.00) Dollars worth of debts and lien fees. The cost of that refinance was Seven Thousand, One Hundred, Twenty-one and 30/100 ($7,121.30) Dollars.
The refinance and release of mortgage in all likelihood spurred this motion for payment by the defendant. The parties agree that interest began to run on the note on the date of CT Page 6647 judgment, but the plaintiff claims that the interest should be computed on the amount actually due to the defendant predicated on the judgment of the court allowing set offs from any unpaid child support or debt obligation. This court agrees. The parties were allowed to file briefs after the hearing on any Uniform Commercial Code claims in this regard, but no such briefs were filed, or conveyed to the court.
The court finds that it would be inequitable under the circumstances of this case for the defendant to have the benefit of interest on the principle sum of Sixteen Thousand ($16,000.00) Dollars while in default of all other obligations of the judgment. The court finds that the set off of unpaid child support and debt obligation referred to in the judgment is a set off against the principal of the note. Therefore, interest must be computed on the principal amount less set offs totaling Ten Thousand, Two Hundred Fifty-one and 26/100 ($10,251.26) or Five Thousand, Seven Hundred Forty-eight and 74/100 ($5,748.74) Dollars.
The total must then be further reduced by the payment in 1996 of liens which were debts of the defendant which encumbered the marital home. The total debt payment is Fifteen Thousand ($15,000.00) Dollars, and the court finds that it is appropriate to order that the defendant be responsible for the interest to be paid on those sums advanced to pay his debts. The court finds that the claim of the plaintiff for interest totaling Seven Thousand, One Hundred Twenty-one and 30/100 ($7,121.30) Dollars is equitable and reasonable.
The plaintiff is ordered to pay the sum of Three Thousand, Seven Hundred Sixty-three and 68/100 ($3,763.68) Dollars plus interest at the rate of ten (10%) percent from November 21, 1997.
DRANGINIS, J.